State of Nebraska ex rel. Nebraska State Bar
Association, relator, v. Clay Benjamin Statmore,
respondent.
529 N.W.2d 71

Filed March 24, 1995.  No. S-94-277.

White, C.J., Caporale, Lanphier, Wright, and Connolly, JJ.

Per Curiam.

Clay Benjamin Statmore was admitted to the practice of law in Nebraska on September 12, 1979.

On March 22, 1994, formal charges involving three counts of lawyer misconduct were filed in this court against Statmore. On March 23, three additional charges of misconduct were filed against Statmore in this court.

On November 3, 1994, Statmore voluntarily surrendered his license to practice law in the State of Nebraska, the surrender to be effective January 31, 1995. In so doing, Statmore specifically admitted counts I, III, and VI of the formal charges.

Counts I and III charged Statmore with violating his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by Neb. Rev. Stat. § 7–104 (Reissue 1991); violating Neb. Ct. R. of Discipline 3(B) (rev. 1992); and violating the Code of Professional Responsibility, Canon 1, DR 1–102(A)(1), which provides that a lawyer shall not violate a disciplinary rule, and DR 1–102(A)(5), which provides that a lawyer shall not engage in conduct that is prejudicial to the administration of justice.

In substance, count VI charged that Statmore had pled guilty to a single count of attempted issuance of a bad check, a misdemeanor, and that the records of the county attorney of Lancaster County revealed that between January 1, 1990, and November 25, 1993, Statmore had issued at least 21 checks that had been returned for insufficient funds on deposit. Count VI further charged that by the conduct alleged, Statmore violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by § 7–104 and was in violation

of DR 1–102(A)(1), which provides that a lawyer shall not violate a disciplinary rule; DR 1–102(A)(3), which provides that a lawyer shall not engage in illegal conduct involving moral turpitude; and DR 1–102(A)(6), which provides that a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law. In regard to count VI, Statmore, in the voluntary surrender of his license to practice law, admitted that he was convicted of attempting to issue a bad check, a Class III misdemeanor.

Statmore waived his right to notice, appearance, and hearing prior to entry of this order.

We accept Statmore's surrender of his license to practice law in Nebraska and order him disbarred from the practice of law in the State of Nebraska, effective immediately.

JUDGMENT OF DISBARMENT.

FAHRNBRUCH, J., not participating.